UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------- X
                                              :
ANGEL D. LEBRON,                              :
                                              :         14-CV-10290 (KMK)(JCM)
            Plaintiff,                        :
                                              :         **STIPULATION OF**
-against-                                     :         **CONFIDENTIALITY & PROTECTIVE**
                                              :         **ORDER**
MICHAEL MRZYGLOD, SGT., *ET AL.*,             :
                                              :
            Defendants.                       :
                                              :
--------------------------------------------------X

WHEREAS discovery herein may include the production of information and/or documents
that (a) contain highly sensitive information, policies, procedures or other matters that, if disclosed,
could jeopardize correctional or institutional safety, security or good order, (b) contain information
that is confidential under state or federal law, or (c) contain personal or confidential information.

IT IS HEREBY STIPULATED AND AGREED that:

1.      The term "document" as used herein is defined to be synonymous in meaning and
equal in scope to the usage of this term in Federal Rule of Civil Procedure 34(a) and Rule
26.3(c)(2) of the Local Civil Rules of this Court.

2.      Defendants may designate as confidential ("Confidential Material") documents
produced from the records of the New York State Department of Corrections and Community
Supervision ("DOCCS") and the information contained therein, the disclosure of which
Defendants or DOCCS reasonably believe would jeopardize correctional or institutional safety,
security or good order, or which contain information that is confidential under state or federal law.

3.      Defendants may further designate as "Attorney's Eyes Only" documents in the
following categories.

a. Reports and other records prepared by DOCCS' Office of Special Investigations, or its predecessor entity the DOCCS Office of the Inspector General, in connection with an investigation conducted by that entity;

b. All personnel, health care (including but not limited to drug or substance abuse records), mental health care, and labor relations records that contain personally identifiable information concerning any employee of DOCCS, any inmate in the custody of DOCCS, or any person subject to community supervision by DOCCS, provided that, for mental health records, the review and determination required by New York Mental Health Law § 33.16 has been completed before any records approved for release are produced;

c. Any individual's personnel records or other documents pertaining to the individual's employment, including, but not limited to, records of disciplinary proceedings, performance evaluations, and counseling;

d. All directives or written policies issued by DOCCS or any correctional facility operated by DOCCS that are classified as "D" within the meaning of DOCCS Directive 0001, indicating that they contain information affecting the safety and security of correctional facilities and are handled as confidential material and restricted from unauthorized access;

e. All DOCCS training materials that refer to or concern correctional, community supervision or institutional safety, security, or good order;

f. Any other records that Defendant or DOCCS believe would compromise the safety or security of a DOCCS facility or office if disclosed to an inmate in the custody of DOCCS and/or the general public;

g. Documents that contain impressions, opinions and/or conclusions of DOCCS

staff, or that contain information concerning persons other than Plaintiff.

h. Any information of a personal or intimate nature regarding any individual.

4. All transcripts of depositions taken in this Action will be treated as Confidential Material and Attorney's Eyes Only in their entirety for thirty (30) days after being notified that a full and final copy of the deposition transcript is available. During that thirty (30) day period, either party may designate as Confidential Material and/or Attorney's Eyes Only any portion of the transcript, by page and line, and any deposition exhibits related to the subject areas described in paragraphs 2 or 3 herein, and such designation must be provided to Plaintiff's counsel and Defendants' counsel in writing to be deemed effective. Any portion of the deposition transcript or exhibits not so designated during the thirty (30) day period will not be treated as Confidential Material or Attorney's Eyes Only.

5. An inadvertent failure to designate Confidential or Attorney's Eyes Only material may be corrected by supplemental written notice given as soon as practicable.

6. To the extent Plaintiff's counsel obtained copies of documents described in paragraph 2 or 3 herein prior to the commencement of this action and may have disclosed them or their contents to others, it shall not be deemed a violation of this Stipulation and Protective Order, but such documents and information shall be treated hereafter as Confidential Material or Attorney's Eyes Only.

7. Notwithstanding the treatment as Confidential Material or Attorney's Eyes Only of personnel, health care or mental health care records that contain personally identifiable information concerning any employee of DOCCS or any inmate in the custody of DOCCS, it is understood that the names, residence addresses, employee insurance information, Social Security numbers

and/or Department Identification Numbers ("DIN") of any employee, inmate, or other person who
has not provided DOCCS with a duly executed authorization permitting disclosure of such
information shall be redacted from the documents produced by DOCCS.

8.      Confidential and Attorney's Eyes Only material shall be treated as confidential and
not disclosed, except to the extent provided in this Stipulation and Protective Order or as otherwise
ordered by the Court.

9.      A party receiving documents or information designated by another party as
Confidential and/or Attorney's Eyes Only reserves the right to make an application to the Court
on notice challenging the designation in whole or part of any document or information provided
that such application is made within thirty days of receipt of said designated material. Prior to
making such application, counsel shall in good faith attempt to resolve any dispute. If an
application to the Court is made, the Court's procedures for resolving discovery disputes shall be
followed. Material designated as Confidential and/or Attorney's Eyes Only shall be treated as
such until either the parties agree or the Court rules otherwise.

10.     Except as otherwise provided in this Stipulation and Protective Order, access to
Confidential Material and Attorney's Eyes Only material shall be limited to:

        a. Attorneys for Plaintiff;

        b. Defendant and attorneys for Defendant;

        c. Employees and independent contractors of the respective attorneys for Plaintiff
or Defendant who have direct functional responsibility for the preparation or trial of this action, or
any appeal thereof;

                d. The parties' respective experts and consultants, to the extent deemed necessary

to the conduct of this litigation by the respective attorneys for Plaintiff or Defendant, except that, prior to any such person being given access to the Confidential Material, that person shall be given a copy of this Stipulation and Protective Order and shall execute the Certification annexed hereto;

e. Individual employees of DOCCS, to the extent that such individual employees would have access to the Confidential Material as part of their employment with DOCCS;

f. Court reporters, to the extent deemed necessary for the conduct of this litigation by the respective attorneys for Plaintiff or Defendant; and

g. The Court, including court personnel.

h. As for Confidential Material only, attorneys for Plaintiff's counsel may allow Plaintiff to view and inspect Confidential Material as necessary to prosecute this action. However, Plaintiff shall not retain copies of Confidential Material. As for Attorney's Eyes Only material, Plaintiff's counsel may not show or provide copies of Attorney's Eyes Only material to Plaintiff, nor may they discuss Attorneys' Eyes Only Material with Plaintiff.

11. Confidential or Attorney's Eyes Only material may be disclosed pursuant to order of a court, administrative agency or tribunal with actual or apparent authority over Plaintiff's counsel, provided, however, that, in the event that Plaintiff's counsel intends to produce documents containing Confidential or Attorney's Eyes Only material or that contain Confidential or Attorney's Eyes Only material obtained from such documents in response to such order, Plaintiff's counsel shall serve notice of such order upon Defendant's counsel, identifying by Bates numbers the documents it intends to produce, not less than ten (10) business days prior to the production thereof, to give Defendant the opportunity to seek a protective order against such production.

12. Except as consented to in writing by Defendants' counsel, or ordered by the Court,

and notwithstanding any other term or provision contained in this Stipulation and Protective Order, Attorney's Eyes Only material shall not be released or disclosed in any manner to any person who is or was an inmate in the custody of DOCCS, including the Plaintiff.

13.    Except as consented to in writing by Defendants' counsel, or ordered by the Court, and notwithstanding any other term or provision contained in this Stipulation and Protective Order, Confidential material shall not be released or disclosed in any manner to any person who is or was an inmate in the custody of DOCCS, except the Plaintiff.  Disclosure of Confidential material to the Plaintiff shall be subject to paragraph 10.h above.

14.    No person receiving Confidential or Attorney's Eyes Only material pursuant to this Stipulation and Protective Order shall disclose or discuss such material in any manner, written or oral, to or with any person who is not entitled to receive such information pursuant to this Stipulation and Protective Order.

15.    The Confidential or Attorney's Eyes Only material shall not be disclosed in open court without first affording Defendant's counsel an opportunity to contest disclosure and/or admissibility of such Confidential or Attorney's Eyes Only material.

16.    If Plaintiff's attorneys intend to file with the Court any papers that attach, enclose, or contain Confidential or Attorney's Eyes Only material (as defined in this Stipulation and Protective Order), unless Defendants' attorneys consent in writing otherwise, Plaintiff's attorneys shall request or move the Court to direct that such documents be filed under seal, following the Court's rules, procedures, and practices for making such a request or motion.

17.    All papers directed by the Court to be filed under seal in accordance with paragraph 16 above, shall be filed in accordance with the Sealed Records Filing instructions of the United

Page 6 of 10

States District Court for the Southern District of New York and the Court's individual rules and practices, if any.

18. Nothing herein shall be deemed to waive any applicable privilege or objection to production. Pursuant to Fed. R. Evid. 502(d) and Fed. R. Civ. P. 26(b)(5)(B), no privilege or protection is waived by disclosure connected with this lawsuit, nor is any such disclosure a waiver in any other federal or state proceeding, and any disclosed material is subject to return to the producing party ("clawback") on demand without any obligation on the part of the producing party to demonstrate compliance with Fed. R. Evid. 502(b)(1)-(3) and Fed. R. Civ. P. 26(b)(5)(B) relating to inadvertent disclosure. However, nothing herein shall be deemed to waive the right of the receiving party to dispute the producing party's claim of privilege or objection.

19. Confidential or Attorney's Eyes Only material produced pursuant to the terms of this Stipulation and Protective Order shall be used by the receiving party solely for the purposes of this action and solely to the extent necessary for the litigation of this action, including any appeals thereof.

20. Within sixty (60) days of the conclusion of this Action, including appeals, Plaintiff's counsel shall either return to Defendants' counsel all Confidential or Attorney's Eyes Only material, and any copies thereof, in its custody, possession or control and any documents containing Confidential or Attorney's Eyes Only material, in whole or in part, and any copies made therefrom or shall notify Defendants' counsel in writing that all such material has been destroyed. Notwithstanding the foregoing, Plaintiff's counsel may retain (1) attorney work product that refers to or relates to Confidential or Attorneys' Eyes Only material and (2) copies of all documents filed with the Court, including documents filed under seal. Any retained Confidential or Attorney's

Eyes Only material will continue to be protected by this Stipulation and Protective Order.

21.    Within sixty (60) days of the conclusion of this Action, Plaintiff's counsel shall seek to retrieve from the Court's file any Confidential or Attorney's Eyes Only material filed in Court and, unless the Court denies the application, shall either return such Confidential or Attorney's Eyes Only material to Defendants' counsel within (60) days of retrieval or shall notify Defendants' counsel in writing that all such Confidential or Attorney's Eyes Only material has been destroyed.

22.    Nothing in this Order shall foreclose the parties from separately negotiating and agreeing in writing to the confidential treatment of documents not contemplated by this Stipulation and Protective Order and identified in paragraph 2 and 3 herein.

Dated: New York, New York
     December 4, 2019

Dated: New York, New York
     December 5, 2019

JON L. NORINSBERG, ESQ., PLLC

LETITIA JAMES
Attorney General for the State of New York

By: _____
John J. Meehan, Esq.
225 Broadway, Suite 2700
New York, New York 10007
(212) 791-5396
jmeehan@norinsberglaw.com
*Attorneys for Plaintiff*

By: *Neil Shevlin*
Neil Shevlin, Esq.
Assistant Attorney General
28 Liberty Street, 18th Floor
New York, New York 10005
(212) 416-8561
Neil.Shevlin@ag.ny.gov
*Attorneys for Defendants*

SO ORDERED:

Dated: December 5, 2019

_____
HON. KENNETH M. KARAS
United States District Court Judge
White Plains, New York

Page 9 of 10

## **CERTIFICATION**

I certify my understanding that Confidential Material is being provided to me pursuant to the terms and restrictions of the Stipulation and Protective Order in Lebron v. Mrzyglod, 14-CV-10290 (KMK)(JCM), currently pending in the United States District Court for the Southern District of New York. I further certify that I have read the Stipulation and Protective Order and agree to be bound by it.

I understand that all provisions of the Stipulation and Protective Order restricting the communication or use of Confidential and Attorney's Eyes Only Material, including but not limited to any notes or other transcriptions made of Confidential and Attorney's Eyes Only Material therefrom, shall continue to be binding during the pendency of and after the conclusion of this action.

Dated: _____

SIGNATURE

PRINT NAME

ADDRESS

TELEPHONE NUMBER

Page 10 of 10